295 So.2d 437 (1974)
Easton CHAMPAGNE, Administrator of the Estate of Joseph Bartholomew Champagne
v.
AMERICAN SOUTHERN INSURANCE COMPANY and Adler V. Ledoux.
No. 54186.
Supreme Court of Louisiana.
April 29, 1974.
Robert Brinkman, James T. Guglielmo, Edward B. Dubuisson, Dubuisson, Brinkhaus, Guglielmo & Dauzat, Opelousas, for defendants-relators.
Christopher Zaunbrecher, Div. of Administration & Planning, La. Health & Social & Rehabilitation Services Administration, for third-party defendant-respondent.
Alex L. Andrus, III, Andrus & Andrus, Opelousas, for plaintiffs-respondents.
BARHAM, Justice.
The question to be decided in this case is whether a jury trial demand by a principal defendant can be defeated by the plaintiff subsequently amending his petition to add the State as a defendant.
This is an action for damages resulting from the death of Dolores Champagne which occurred on January 12, 1972. At the time of the accident, Dolores Champagne was being transported from Lafayette Charity Hospital in Lafayette, to Opelousas in St. Landry Parish by means of an automobile owned by the St. Landry Parish Sheriff's Department, and was accompanied in the automobile by two deputies of that department. At some point in the journey she jumped out of the car and sustained serious injuries from which she died. Shortly after her death, her only surviving child, Joseph Bartholomew Champagne, died, and his estate was *438 opened with the appointment of Easton Champagne as administrator.
Easton Champagne initially filed suit against Adler Ledoux, and American Southern Insurance Company alleging that the negligence of the two deputies, Allen Thomas and Leo Prejean, was the sole and proximate cause of the accident. An answer was filed by American Southern requesting a jury trial on the issue of liability. The plaintiff answered this demand by filing another pleading requesting jury trial on all issues. The insurance company then filed a third party petition naming the State of Louisiana through the State Department of Hospitals as a third party defendant. Thereafter, the plaintiff amended his petition to name the State of Louisiana as an additional defendant. The State then filed a motion to strike defendant's third party demand and to strike the demand for a jury trial. After a hearing, the trial court ruled that all motions for a jury trial, by any party, would be denied based on our decision in Jobe v. Hodge, 253 La. 483, 218 So.2d 566 (1969), where we held there could be no jury trial as to any party when the State is a principal defendant.
Jobe was a result of a conflict between decisions of the First Circuit and those of the Second and Third Circuits on the question of whether a jury trial could be had in a case in which a public body is a party to the principal demand. The First Circuit in Abercrombie v. Gilfoil, 205 So.2d 461 (La.App. 1st Cir. 1967) had ruled there could be no jury trial as to any issue in which the State was one of several defendants. The Second Circuit in Jobe v. Hodge, 207 So.2d 912 (La.App. 2d Cir. 1968) and the Third Circuit in Watson v. Hartford Accident and Indemnity Company, 214 So.2d 395 (La.App. 3d Cir. 1968) had ruled that in the same trial the judge would decide all questions relating to the public body, while the jury would decide all questions relating to the other defendants.
The court in Jobe adopted the reasoning of the First Circuit and held there could be no jury trial as to any issues where a public body was one of several defendants. The court noted that although C.C.P. Art. 1735 provided certain issues could be tried by a jury, it also provided there could be only one trial. It also distinguished the Louisiana article from the Federal Rules on which it was based, by noting that the federal system provided for separate trials of any separate issue under Rule 42(b), and thus could avoid different decisions on the same point. Louisiana has no such provision.
The effect of Jobe was modified by our decision in Talley v. Friedman, 255 La. 735, 232 So.2d 495 (1970). In that case, the public body was a third party not a principal defendant. We recognized the right of the State not to have any claim against it tried by jury, and attempted to reconcile that right with the right of the plaintiff to have a trial by jury. We concluded we could give effect to both rights by ordering separate trials of the principal and incidental demands, that the result would be the same as if the defendant had filed a separate suit against the State for contribution. The rationale behind Talley was the authority in C.C.P. Art. 1038 for ordering separate trials of principal and incidental demands, and Arts. 1734 and 1735 with their provisions for jury trial as to certain issues.
In the instant case, the State was brought in as a third party by the original defendant, after a jury trial had been requested. The State was then made a principal defendant by the plaintiff. At this point, the motion to strike the demand for a jury trial was filed and granted. We granted writs in this case under our supervisory jurisdiction to reconsider our decision in Jobe v. Hodge, supra, and to re-examine the question of whether a jury trial request can be defeated by joining the State as a principal party. 285 So.2d 543 (La.1973).
*439 The statutory law is as follows:
"Art. 1731. Issues triable by jury
Except as limited by Article 1733, the right of trial by jury is recognized.
The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.
"Art. 1733. Limitation upon jury trials
A trial by jury shall not be available in:
* * * * * *
(5) All cases where a jury trial is specifically denied by law.
"Art. 1735. Trial of less than all issues; stipulation
The trial of all issues for which jury trial has been requested shall be by jury unless the parties stipulate that the jury trial shall be as to certain issues only, or unless the right to trial by jury as to certain issues does not exist, but in all cases there shall be but one trial.
"R.S. 13:5104. Jury trial prohibited
No suit against the state or other public body shall be tried by jury. Acts 1960, No. 27, § 4."
It is to be noted that C.C.P. Art. 1731 expressly recognizes the right to jury trial except as limited by the provisions of C.C.P. Art. 1733. The official footnote to Art. 1731 unequivocally announces its purpose to preserve inviolate a litigant's right to jury trial. The jurisprudence likewise establishes that the right of a litigant to jury trial is fundamental in character and the courts will indulge every presumption against a waiver, loss or forfeiture thereof. Hicks v. Board of Supervisors of Louisiana State University, 166 So.2d 279 (La. App. 1st Cir. 1964); Arrington v. McCarthy, 136 So.2d 119 (La.App. 3d Cir. 1962); Abercrombie v. Gilfoil, supra. Of course, R.S. 13:5104 prohibits trial by jury in suits against the State or other public bodies. But, there is no express statutory provision controlling the situation where such a suit is consolidated with others which are not against the State or where the State is but one of several parties to a suit.
C.C.P. Art. 1735, supra, clearly contemplates that in one trial some issues can be tried before the jury and others can be decided by the judge. This has been the practice in the federal courts under Federal Rule 39(a), the source of C.C.P. Art. 1735. This procedure has succeeded in the federal courts. The possibility of different decisions on the same point by judge and jury should not affect the decision in this case. The judge already has the power to set aside a jury decision with which he is not in accord, C.C.P. Arts. 1812, 1813; and appellate courts have the right to review findings of fact of both judge and jury, La.Const. Art. 7, § 29.
While one may speculate as to the practical difficulties in cases where judge and jury disagree, these difficulties would be no more severe than those which might arise in separate actions against the State and individual defendants. Nor are these difficulties of such magnitude as to defeat the right to trial by jury.
Jobe v. Hodge, supra, was a 4-3 decision wherein the dissenters felt the appellate court was correct in concluding that in the one trial there could be separate issues determined by the jury and separate issues determined by the judge. The case was criticized when it came down.[*] We conclude the better practice, and the one which gives effect to the code articles, is to permit but one trial with the judge determining the issues relative to the State, and the jury ascertaining all the others. Jobe v. Hodge, supra, is expressly overruled.
*440 The right to trial by jury in a civil case is a basic right and should be protected in the absence of specific authority for its denial. Accordingly, the judgment appealed is therefore affirmed only insofar as it affects the State Department of Hospitals. The case is remanded to the trial court for further proceedings in accordance with law and consistent with the views hereinabove expressed. The casting of costs is deferred to the trial court on remand.
SANDERS, C. J., dissents.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
Other than a change in the membership of the Court, no sound basis for overruling the case of Jobe v. Hodge, 253 La. 483, 218 So.2d 566 (1969), is discernible.
I would adhere to the decision in Jobe v. Hodge and the plain language of Section 5104: "No suit against the state or other public body shall be tried by jury."
NOTES
[*] The Work of the Louisiana Appellate Courts for the 1968-1969 TermCivil Procedure, 30 La.L.Rev. 301, 303 (1969). Note, 45 Tul.L. Rev. 160 (1970).