hPEATROSS, J.
This case arises from a judgment of the trial court finding a breach of the implied warranty of fitness. Plaintiff, James Diamond (“Mr. Diamond”), instituted proceedings in the trial court against Defendant, Interstate Dodge, Inc. (“Interstate Dodge”), alleging breach of the implied warranty of fitness. After a bench trial, judgment was entered in favor of Mr. Diamond. It is from this judgment that Defendant appeals. For the reasons stated herein, we affirm.
FACTS
On May 20, 1998, Mr. Diamond took his 1977 motor home[1] to Interstate Dodge for engine repair work. The engine overheated, and the motor home was towed to Interstate Dodge where two engine heads, a piston and a valve were replaced. Interstate Dodge could not locate any “stock parts” and used “performance parts” instead. The testimony showed that “stock parts” were the original parts for that particular engine, and “performance parts” were primarily made for race cars. On July 31, 1998, after the repairs were completed, the motor home was returned to Mr. Diamond. The cost of the repairs was $5,608.71.
Mr. Diamond’s receipt stated that the parts were covered only pursuant to the manufacturer’s warranty. One of the employees at Interstate Dodge, however, wrote at the bottom of the receipt “12 month or 12,000 mile warranty on all repairs performed by Interstate Dodge.”
On July 2, 1999, the engine of the motor home again overheated and the motor home stalled on the interstate. On that date, Mr. Diamond had Lonly driven the motor home 248 miles since the repairs by Interstate Dodge. When the motor home was towed back to Interstate Dodge, the manager told Mr. Diamond that the repairs would be covered by the written warranty. Mr. Diamond, however, was subsequently told that the repairs would not be covered by the written warranty because “performance parts” were not covered by a manufacturer’s warranty.
After inspection, it was determined that the damage to the engine was so severe that it had to be replaced. There was conflicting evidence presented at trial regarding the cause of the engine failure. Ricky Culp, an expert for Mr. Diamond, testified that the “performance parts” could not properly withstand the heat created by the motor home’s engine. Carey Hodge, Interstate Dodge’s expert, however, testified at trial that the “performance parts” could withstand more heat than the “stock parts.”
After considering all of the evidence and testimony, the trial court issued oral reasons finding that the subsequent engine failure and resulting damages were directly related to the initial work done by Interstate Dodge in the use of “performance parts” rather than “stock parts.” Rather than finding that Interstate Dodge had breached its stated warranty of “12,000 miles or 12 months,” the trial court found that Interstate Dodge had breached its implied warranty of fitness since the parts provided by Interstate Dodge were not designed for use on a motor home and, thus, caused the engine failure. Accordingly, the trial court awarded Mr. Dia *703 mond damages for the cost of the parts and repairs ($5,434.25), the towing charges ($460) and for loss of use of the motor home ($1,000), for a total award of $6,984.25.
J^DISCUSSION
The issue on appeal is whether the trial court’s finding that Interstate Dodge breached its implied warranty of fitness was manifestly erroneous. We find sufficient evidence in the record to support the trial court’s conclusion.
“The seller is bound to deliver the thing sold and to warrant to the buyer ownership and peaceful possession of, and the absence of hidden defects in, that thing. The seller also warrants that the thing sold is fit for its intended use.” La. C.C. art. 2475. In its reasons for judgment, the trial court stated that Interstate Dodge knew Mr. Diamond’s intended purpose for the engine. Knowing that Mr. Diamond did not intend to use his 1977 motor home for racing, Interstate Dodge, nevertheless, used “performance parts” to repair the engine.
The parties may, however, waive the implied warranty of fitness by express agreement. Anthony’s Auto Sales, Inc. v. Shephard, 600 So.2d 125 (La.App. 2d Cir.1992). The express waiver must be clear and unambiguous. Bo-Pic Foods, Inc. v. Polyflex Film and Converting, Inc. 95-0889 (La.App. 1st Cir.12/15/95), 665 So.2d 787. As previously stated, although Mr. Diamond’s receipt stated that the parts were only covered by the manufacturer’s warranty, an employee handwrote on the receipt “12 month or 12,000 mile warranty on all repairs performed by Interstate Dodge.” We find that the foregoing is not an express, clear and unambiguous disclaimer of the warranty of fitness. In fact, Mr. Diamond was initially told that the parts were covered by the manufacturer’s warranty.
14Sm.ce the implied warranty of fitness was not waived, the trial court relied on Mr. Diamond’s expert in reaching its conclusion. The factual findings of a factfinder will not be disturbed absent manifest error. Powell v. Regional Transit Authority, 96-0715 (La.6/18/97), 695 So.2d 1326; Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, supra; Morris v. United Services Automobile Association, 32,528 (La.App.2d Cir.2/18/00), 756 So.2d 549.
The trial court determined, after considering all the evidence and testimony presented, that the cause of the subsequent engine failure was related to Interstate Dodge’s installation of parts that were not fit for Mr. Diamond’s intended use. Our review of the testimony and exhibits reveals no manifest error on the part of the trial court. The trial court’s determination that the use of “performance parts” caused the subsequent engine failure is reasonable and we find no error in its decision that Interstate Dodge breached its implied warranty of fitness.
With this finding, we pretermit any discussion of the other issues raised by Interstate Dodge, which include issues relating to breach of an express warranty, work being performed in a workmanlike manner and causation.
|,CONCLUSION
For the reasons set forth above, the judgment of the trial court finding that Defendant, Interstate Dodge, Inc., breached its implied warranty of fitness is af *704 firmed. Costs are assessed to Interstate Dodge, Inc.
AFFIRMED.

. The vehicle is referred to in the record as a 1977 Volkswagen camper, a 1978 Dodge Apollo motor home and a 1977 Apollo motor home.