| TOBIAS, J.,
Concurs.
I respectfully concur. I agree with the majority opinion and the concurring opinion of Judge Love. I note the following.
*690 In Davis v. Wal-Mart Stores, Inc., 2000-0445, pp. 4-5 (La.11/28/00), 774 So.2d 84, 89, the Louisiana Supreme Court stated:
La.Code of Civil Procedure art. 1811(F) is the authority for a JNOV. This article provides that a motion for judgment notwithstanding the verdict may be granted on the issue of liability or on the issue of damages or on both. The standard to be used in determining whether a JNOV has been properly granted has been set forth in our jurisprudence as follows:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the nomjmoving2 party. Smith v. Davill Petroleum Company, Inc. d/b/a/ Piggly Wiggly, 97-1596 (La.App. 1 Cir. 12/9/98), 744 So.2d 28. See also Powell v. RTA, 96-0715 (La.6/18/97), 695 So.2d 1326; Anderson v. New Orleans Public Service, [Inc.,] 583 So.2d 829 (La.1991); State of Louisiana, DOTD v. Scramuzza, 95-786 (La.App. 5 Cir. 4/3/96), 673 So.2d 1249; Seagers v. Pailet, 95-52 (La.App. 5 Cir. 5/10/95), 656 So.2d 700; Engolia v. Allain, 625 So.2d 723, 728 (La.App. 1 Cir.1993); Adams v. Security Ins. Co. Of Hartford, 543 So.2d 480, 486 (La.1989).
The standard of review for a JNOV on appeal is a two part [sic] inquiry. In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether or not to grant the motion. After determining that the trial court correctly applied its standard of review as to the jury verdict, the appellate court reviews the JNOV using the manifest error standard of review. Anderson v. New Orleans Public Service, Inc., at p. 832. [Boldface emphasis added.]
The language that has not been highlighted in boldface in the quote above is consistent with the Louisiana Supreme Court’s decisions in Joseph v. Broussard, 2000-0628 (La.10/30/00), 772 So.2d 94, and Scott v. Hospital Serv. Dist. No. 1, 496 So.2d 270 (La.1986). However, the above boldface language contains an apparent ambiguity. That is, if an appellate court reviews the trial court’s granting of the JNOV using the same standard as the trial court, then that standard is that “[t]he motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, |3the court should not evaluate the credibility of the witnesses and all reasonable inferences or *691 factual questions should be resolved in favor of the non-moving party.” This standard is a de novo standard, not a manifest error/ clearly wrong standard, as the last clause in the above-quoted language from Davis states.
It is apparent that the Supreme Court means that an appellate court reviews the trial court’s decision to grant a JNOV using a de novo standard of review. If the trial court has erred (in whole or in part) in granting the JNOV, then the appellate court reverses those erroneous parts and reviews the underlying jury verdict on those parts upon which the trial court incorrectly granted the JNOV using a manifest error/ clearly wrong standard. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993), citing Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). See, e.g., Anderson v. New Orleans Public Service, Inc., 583 So.2d 829 (La.1991); Ventress v. Union Pacific R. Co., 95-1240 (La.App. 4 Cir. 12/28/95), 666 So.2d 1210.
Although I may disagree in the case at bar with the jury, just as the trial court judge did, my review of the record satisfies me that the evidence which the jury heard was of such quality and weight that reasonable and fair-minded individuals in the exercise of impartial judgment could have reached a different result than I would. A reading of the record can fairly and reasonably support a conclusion that Todd Guidry, the driver of the vehicle in which Cindi Adams was riding as a guest passenger, was completely at fault for the accident, and that Andy Leon acted reasonably under the circumstances. We are bound to uphold the jury’s verdict in the case at bar.