CARAWAY, J.
| We granted a supervisory writ of review regarding this pre-trial dispute over plaintiffs’ request for a jury trial against a police jury and its insurer. The trial court held that the police jury had not waived its right to a judge trial under La. R.S. 13:5105 and granted the police jury’s motion to strike plaintiffs’ jury request. We affirm this ruling. The court also granted the insurer’s motion to strike the jury. Finding this ruling contrary to the holding of the Louisiana Supreme Court in Jones v. City of Kenner, 338 So.2d 606 (La.1976), we reverse.

Facts and Procedural History

Plaintiffs, John Tellis and Nakita Moore Tellis, individually and on behalf of their minor child, J’Maiyah, sued the Lincoln Parish Police Jury (the “Police Jury”) and its insurer, Coregis Insurance Company (“Coregis”), in connection with the accidental death of their child, John Matthew Tellis. The accident occurred on a flooded parish road after a heavy rain, and plain *1250 tiffs assert that the hazardous condition was due to the Police Jury’s negligent design and maintenance of the roadway.
Plaintiffs’ petition requested a jury trial. Each defendant in its answer also requested a jury trial which was granted by separate order of the trial court. However, after the trial was scheduled for November 29, 2004, the Police Jury and its insurer jointly moved to strike the jury demand of the plaintiffs on August 27, 2004, arguing that under La. R.S. 13:5105, a jury trial against them was prohibited. The trial date was continued indefinitely. The hearing on the motion occurred on May 20, 2005. The trial court ^concluded that based upon the statutory provision prohibiting a jury trial for suits against a political subdivision, plaintiffs were not entitled to a jury trial against either defendant. We granted a supervisory writ on plaintiffs’ application.

Discussion

The right to a civil jury trial is not a constitutionally protected right in Louisiana by virtue of either the state or national constitutions. Rudolph v. Massachusetts Bay Ins. Co., 472 So.2d 901 (La.1985) (which addressed the issue in the context of the statute presently under review, La. R.S. 13:5105); Riddle v. Bickford, 00-2408 (La.5/15/01), 785 So.2d 795; Simmons v. Turner, 04-374 (La.App. 3d Cir.11/17/04), 888 So.2d 357, writ denied, 04-2994 (La.2/4/05), 893 So.2d 884. The Seventh Amendment of the United States Constitution, insuring the right to civil jury trials “according to the rules of the common law,” is one of the few rights contained in the Bill of Rights which has not been made applicable to the states through the Fourteenth Amendment as a fundamental right of due process. Rudolph, supra at 905. There is no provision in our state constitution that guarantees the right to a civil jury trial.
The Louisiana Code of Civil Procedure sets forth the rules for the application of the civil jury trial in Articles 1731, et seq. Article 1732(6) states that trial by jury is unavailable in “[a]ll cases where a jury trial is specifically denied by law.” The statute at issue in this case is La. R.S. 13:5105 (hereinafter “Section 5105”) which is contained in the Louisiana | sGovernmental Claims Act (hereinafter “LGCA”), (La. R.S. 13:5101, et seq.), and provides in pertinent part as follows:
A. No suit against a political subdivision of the state shall be tried by jury....
* * *
D. Notwithstanding the provisions of Subsection A, a political subdivision, by general ordinance or resolution, may waive the prohibition against a jury trial provided in Subsection A of this Section. Whenever the jury trial prohibition is waived by a political subdivision, and a jury trial is demanded by the political subdivision or the plaintiff in a suit against the political subdivision or against an officer or employee of the political subdivision, the demand for a jury trial shall be timely filed in accordance with law. The rights to and limitations upon a jury trial shall be as provided in Code of Civil Procedure Articles 1731 and 1732.
[[Image here]]
Section 5102 of the LGCA defines “political subdivision” in broad terms so as to include the Police Jury, but is silent on its application to an insurer of a political subdivision.
I.
Plaintiffs argue that the Police Jury waived the judge-trial rule of Section 5105 by requesting a jury trial in its answer. The Police Jury argues that despite its counsel’s request for a jury trial, the *1251 required ordinance or resolution under Section 5105(D) was never passed by a vote of the Police Jury.
Both parties rely on Hall v. Orleans Parish School Bd., 97-1148 (La.6/30/97), 696 So.2d 968. In Hall, the Supreme Court held there was no waiver of the judge-trial rule by a governmental defendant that moved to vacate the jury trial seven days before the scheduled trial. The per curiam ruling did not discuss the lack of an ordinance and indicated that the trial Lcourt’s right to monitor its docket gave it some discretion in the matter that could weigh against the Section 5105 prohibition.
In this case, the plaintiffs first sought the jury trial against the Police Jury. In its answer, the Police Jury made a similar jury trial request. Regardless of its answer, in order for the Police Jury to obtain a jury trial, Section 5105(D) requires that it adopt an ordinance to that effect. When the motion to strike the plaintiffs’ jury request was made months before the scheduled trial, there was no showing that a public ordinance or resolution had ever been passed for a jury trial in this case. In the absence of proof of compliance with Section 5105(D), the trial court properly struck the plaintiffs’ demand for a jury trial against the Police Jury.[1]
II.
With no waiver of the protections under Section 5105 by the Police Jury, we will address the question of whether that procedural right also applies to its insurer, Coregis.
This question is the identical issue presented to the Louisiana Supreme Court in Jones v. City of Kenner, supra. In that case, the court construed Section 5105 as a narrow exception to the general legislative grant for civil jury trials provided in the Code of Civil Procedure. The court ruled that “the plaintiffs cannot be deprived of their jury trial against such non-governmental defendant [the insurer] because a governmental defendant [the insured] is joined as a party, despite any identity or 1 ^substantial similarity of the issue against both.” Id. at 607. In reaching this conclusion, as seen by the Jones dissent, the court rejected the view that the insurer of the political subdivision stands in the shoes of the insured under the direct action statute, La. R.S. 22:655, and may obtain the same procedural posture for a judge trial.
The Jones ruling has never been overruled by the supreme court. In fact, the court in dicta recently cited Jones with approval in reaching an analogous ruling that the procedural right for the special service of process under the LGCA applied only to the governmental defendant as a “personal defense,” which could not be raised by the insurer of that same governmental defendant. Naquin v. Titan Indemnity Co., 00-1585 (La.2/21/01), 779 So.2d 704.
Despite the longevity of the Jones ruling, the courts of appeal, including this court, have made rulings which are arguably in conflict with Jones. Jackson v. Madison Parish School Bd., 34,228 (La.App.2d Cir.1/24/01), 779 So.2d 59; Decourt v. Caracci, 97-393 (La.App. 5th Cir.11/12/97), 704 So.2d 42, writ denied, 97-3095 (La.2/13/98), 709 So.2d 756; Dean v. Terrebonne Parish Police Jury, 510 So.2d 82 (La.App. 1st Cir.1987). These cases, however, involved the setting, after the conclusion of the single trial envisioned *1252 by Jones, when the verdict of the jury pertaining to the insurer differed from the verdict of the judge pertaining to the insured political subdivision. The handling of the post-trial problem of reconciliation of conflicting verdicts of the judge and jury by this jurisprudence is supported by the holding of the supreme court in Thornton v. Moran, 343 So.2d 1065 (La.1977), and the court’s general discussion of the problem of reconciliation in dicta in Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984) and Powell v. Regional Transit Authority, 96-715 (La.6/18/97), 695 So.2d 1326. As explained in Lemire:
If the jury result in plaintiff v. N.O.P.S.I and the judge result in plaintiff v. S &W B differ, the disparity can be accommodated by a judgment notwithstanding the verdict and/or motion for new trial. Through the use of these, the trial court can restructure the jury decision so that it best reflects the law and the facts.
458 So.2d at 1310.
From our review of the jurisprudence, we make the following summary observations. Jones has not been overruled by our highest court and still provides the rule that the plaintiff can obtain a judge trial against the political subdivision and a jury trial against its insurer. Next, the Powell ruling confirms that the issue of reconciling decisions in the bifurcated trial procedure called for by Jones “is a perplexing one on which the lower courts and the bar need guidance.” Powell, supra at 1328. Nevertheless, Powell never reached the issue so as to provide that guidance. Lastly, the summary ruling by the court in Thornton, indicating the need for reconciliation of conflicting judge and jury verdicts after a single trial, has implications primarily post-trial, after the bifurcated procedure mandated by Jones results in conflicting verdicts. That is not the procedural posture of the case at hand.
Nevertheless, we recognize, as indicated by Powell, that the problem of any reconciliation of verdicts is that it changes one of the verdicts of the two triers-of-fact (most likely the jury’s verdict) which may be reasonably 17supported by the evidence and not manifestly erroneous. Thus, if a jury’s verdict, which is not manifestly erroneous, may ultimately be “restructured” and overruled by such reconciliation by the trial judge or appellate court, then the rule of Jones requiring the use of two fact finders in the first place is defeated.
The above quandary has always been the perplexing procedural problem posed by Jones. But as an intermediate court which must follow the interpretation of our law by our highest court, we will follow the Jones ruling in this case. The ruling of the trial court striking the plaintiffs’ request for a jury trial against Coregis is reversed. The ruling striking the jury request regarding plaintiffs’ claim against the Police Jury is affirmed. Costs are assessed to Coregis Insurance Company.
AFFIRMED IN PART; REVERSED IN PART.

. In reaching this conclusion, we need not address plaintiffs’ speculation that this ruling will allow a political subdivision to defeat a requested jury trial at any time, on the eve of trial or after the trial begins. That was not the case in this instance, and the trial court in the monitoring of its docket had complete authority to strike the jury request because of the absence of a public ordinance.