KIMBALL, C.J.,
concurs in part, dissents in part, and assigns reasons.
hi concur with the majority’s finding that the plain language of La. R.S. 13:5105(D) does not permit a political subdivision to waive the prohibition against jury trials in a single case. However, I *491 respectfully dissent from the majority’s finding that a political subdivision’s insurer is not entitled to a trial by jury where the political subdivision has not waived the prohibition pursuant to La. R.S. 13:5105(D), and the insurer’s liability is vicarious, not independent. For the following reasons, I believe the political subdivision’s insurers are entitled to a trial by jury in this case.
It has long been the stance of this Court that the right of a litigant to a jury trial is fundamental in character and the courts will indulge every presumption against a waiver, loss, or forfeiture thereof. Champagne v. American Southern Ins. Co., 295 So.2d 437, 439 (La.1974). Louisiana Code of Civil Procedure article |21731(A) states, “Except as limited by Article 1732,[1] the right of a trial by jury is recognized.” Relevant to the instant case is La. C.C.P. art. 1732(6), which provides a jury trial shall not be available in “[a]ll cases where a jury trial is specifically denied by law.” Louisiana Revised Statute 13:5105(A) clearly provides for an instance where a jury trial against a political subdivision of the state is denied by law. However, the majority opinion fails to cite any law or any other provision under La. C.C.P. art. 1732 which would prevent an insurer of a political subdivision from demanding a jury trial.
The majority provides no legal basis for expressly overruling any portion of this Court’s decision in Jones v. City of Kenner, wherein this Court held the plaintiffs could not be deprived of a jury trial against a defendant-insurer because a governmental defendant was joined as a party despite any identity or substantial similarity of the issues against both. 338 So.2d 606, 607 (La.1976). The majority cites this Court’s decision in Powell v. Regional Transit Authority in support of its finding that bifurcated trials serve no useful purpose and only promote the possibility of inconsistent decisions. 96-0715 (La.6/18/97); 695 So.2d 1326. |..However, the majority’s reliance on the particular language quoted from Powell appears to be misplaced.[2] In Powell, this Court addressed whether there should be a bifurcated trial when there were two defendants: one defendant was an employee of a political subdivision, and the other defendant was the political subdivision, which was only vicariously liable for its employee’s actions. After initially stating the language quoted in the majority’s opinion, this Court in Powell went on to find the lower court failed to recognize the legislá- *492 ture had in fact provided a solution in its 1998 amendment of La. R.S. 9:5101, which read in conjunction with La. R.S. 9:5105, extended the prohibition of jury trials against political subdivisions to its employees assuming the employee’s actions arose out of the discharge of his official duties or within the course and scope of his employment.[3] As this Court pointed out in Powell, the basis for the denial of a jury trial against the political ^subdivision's employee was one in law pursuant to La. C.C.P. art. 1732(6). Unlike Powell, there is no such applicable law in this case which would prohibit the political subdivision’s insurers from requesting a jury trial.[4]
As articulated by the majority, I am well aware of the practical difficulties which are inherent in bifurcated trials. However, it appears the legislature is as well, as evidenced by its 1998 amendment to La. R.S. 9:5101, which extended the prohibition against jury trials to employees of political subdivisions. It is the role of the legislature to enact legislation which would limit the right to trial by jury afforded by La. C.C.P. art. 1731. Since a political subdivision’s insurer’s right to a jury trial has not specifically been denied by law, in my opinion, the majority erred in overruling Jones to the extent it found a political subdivision’s insurer is not entitled to a trial by jury where the political subdivision has not waived the prohibition pursuant to La. R.S. 13:5105(D), and the insurer’s liability is vicarious, not independent.
For the reasons stated herein, I respectfully concur in part and dissent in part.

. La. C.C.P. art. 1732 provides:
A trial by jury shall not be available in:
(1) A suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs.
(2) A suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, error, want, or failure of consideration.
(3) A summary, executory, probate, partition, mandamus, habeas corpus, quo war-ranto, injunction, concursus, workers' compensation, emancipation, tutorship, interdiction, curatorship, filiation, annulment of marriage, or divorce proceeding.
(4) A proceeding to determine custody, visitation, alimony, or child support.
is) A proceeding to review an action by an administrative or municipal body.
(6) All cases where a jury trial is specifically denied by law.

. The majority quoted the following language from Powell:
separate trials of each defendant with separate triers-of-fact serve no useful purpose except to accord the employee of the targeted defendant his or her arguable statutory right to a jury trial. On the other hand, separate trials promote the substantial possibility of inconsistent decisions on the liability of the employee, with the additional possibility of inconsistent quantum awards.
Powell, 96-0715 at 8; 695 So.2d at 1330-31.

. In Powell this Court stated:
In 1988, the Legislature amended La.Rev. Stat. 13:5101, which had previously made La.Rev.Stat. 13:5101-5114 (now known as the Louisiana Governmental Claims Act) applicable "to any suit ... against the state, a state agency, or a political subdivision of the state.” The 1988 amendment made La. Rev. Stat. 13:5101-5114 also applicable to "any suit ... against an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment.” When Section 5101 after the 1988 amendment is read together with Section 5105, the prohibition of jury trials against a political subdivision in Section 5105 extends to employees of the political subdivision when the suit arose out of the discharge of the officer's or employee’s official duties or the officer or employee was in the course and scope of employment at the pertinent time. Thus any actions against both a political subdivision and its employee tried after the 1988 amendment to Section 5101 should have been tried by the judge alone without a jury.
Powell, 96-0715 at 8; 695 So.2d at 1331.

. Although the majority briefly refers to how Powell was ultimately resolved in footnote 7, it fails to reconcile the fact that the foundation of the Powell decision was based on legislation which provided certain instances where the prohibition of jury trials against political subdivisions extended to its employees. As stated above, the majority fails to cite any such legislation that would extend the prohibition of jury trials against political subdivisions to a political subdivision’s insurer.