BROWN, CHIEF JUDGE.
| plaintiff, Point Proven, LLC, appeals from the trial court’s judgment that affirmed the City of Monroe’s denial of plaintiffs renewal application for an alcohol permit. We affirm.
Facts
In 1944, a bar was established at 1026 N. Sixth Street in Monroe, Louisiana, called Duffy’s Tavern, This is located in a residential/ commercial area. In the 1980’s, the business began to operate as a night club. In 2013, the club, now called Sixth Street Saloon (“the Saloon”), was sold to Point Proven, LLC. On May 23, 2013, the Monroe City Council (“the City”) held a meeting and one of the issues that they addressed was whether to grant Point Proven’s request for an alcohol permit.[1] The City advised Point Proven that the previous owner had operated the club in a manner that upset local neighbors during the years of 2010 through 2012. The City admonished that Point Proven must take steps to clean up the club’s practices, or they would not renew the alcohol permit during the council’s next scheduled meeting in December 2013.
On December 23, 2013, the City had its scheduled hearing and voted not to renew Point Proven’s alcohol permit for 2014. At this hearing, the Monroe Chief of Police confirmed that a firearm had been discharged inside Sixth Street Saloon in July of 2013.[2] Moreover, the City also reviewed a police report showing that a Monroe officer responded to a noise complaint 12against the Saloon. Subsequently, Point Proven filed a petition for damages and an appeal to the District Court.
Point Proven filed a motion for summary judgment. Point Proven argued that the City did not produce any evidence showing that Point Proven violated any of the provisions of the Louisiana Alcoholic Beverage Control Law. Therefore, Point Proven submitted that the City’s denial of its alcohol permit was arbitrary, capricious, improper and unlawful. The City responded that a de novo trial was necessary to complete discovery and to examine witnesses, specifically the local neighbors of the Saloon.
*914 On June 12, 2014, Point Proven and the City reached an agreement. The City agreed to issue Point Proven an alcohol permit subject to the following terms:
For the next sixth months. In December, 2014 when liquor permits are again authorized, the City of Monroe will issue the same permit to Point Proven, LLC ... For the year 2015, unless during the re-permitting process for 2015, it is found by the Monroe Police Department that the owner of the premises is not Otherwise Qualifíed as per applicable law. (Emphasis added).
In exchange, Point Proven agreed to address the City’s concerns. These steps included installing “double doors or other appropriate doors” to ensure its entrance was insulated, as was reasonably possible, to reduce any loud music. Additionally, Point Proven was required to employ no fewer than two private security guards to ensure against the possibility of drunk or disorderly patrons urinating in parking lots and residential neighboring yards and to ensure its patrons did not engage in acts of nudity or sexual activity inside the bar or its parking lot. The judgment further required Point Proven to ensure, through use of security guards, that there would be no unlawful | sparking by its patrons in neighboring yards within close proximity to the bar. Finally, Point Proven agreed to undertake a two-block litter pick-up on Saturday and Sunday mornings.
On December 22, 2015, the City held a meeting for 2016 renewals. The City received the testimony of the neighbors complaining of the loud noises coming from the Saloon, actions of rowdy patrons of the Saloon, and evidence that Point Proven was cited for selling alcoholic beverages to underage persons on two separate occasions. Point Proven admitted to the violations and that it complied with all penalties imposed. It noted that despite the violations, the Louisiana Office of Alcohol and Tobacco Control had granted the Saloon a state alcohol permit for 2016. After receiving evidence, the City voted against the renewal of the Saloon’s local alcohol permit. The following day, Point Proven filed a motion to enforce the consent agreement and for sanctions. Subsequently, Point Proven filed a petition for damages and devolutive appeal to the district court. By joint motion, these two cases were consolidated.
A de novo trial was held in the district court. Both the City and Point Proven called several witnesses to testify. After receiving all of the evidence, the trial court ruled in favor of the City. Point Proven has appealed from this adverse judgment.
Discussion
This matter is governed by La. R.S. 26:71, et seq.
Louisiana Revised Statute 26:76 provides that “Except as otherwise provided in this Subsection, permits (alcoholic beverages) are valid for only one year, unless expired, suspended, or revoked.”
| Louisiana Revised Statute 26:87(A)(1) provides in pertinent part:
(A) The right to determine what persons shall or shall not be licensed under this Chapter shall be exercised in the following manner:
(1) Municipal authorities and parish governing authorities shall, independently of the commissioner, investigate all applications filed with them for local permits, and shall withhold the issuance of a permit where that action is justified under the provisions of this Chapter. ...
At issue in this case is the denial/withholding of Point Proven’s renewal application for 2016. La. R.S. 26:88(C) provides that renewal permits may be with *915 held or denied on the same grounds and in the same manner as an original permit.
An appellate court generally reviews the factual findings of a trial court according to the manifest error standard of review. Powell v. Regional Transit Authority, 96-0715 (La. 06/18/97), 695 So.2d 1326. When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Id
Louisiana Revised Statute 26:94 states that no permit shall be withheld, suspended, or revoked except for causes specified in this Chapter.
Moreover, these provisions clearly envision a difference between the withholding and the suspension or revocation of a liquor permit. The City |5did not vote to suspend or revoke Point Proven’s liquor permit; here, the City voted to deny/withhold Point Proven’s liquor permit.[3]
Louisiana Revised Statute 26:88(B) states:
[A]ny dealer whose application for renewal is filed before the date established by the commissioner may continue business until issuance of the new permit, under the previous permit if it has not been suspended or revoked or the new permit withheld or denied. (Emphasis added).
In considering the grounds for withholding or denying a permit, La. R.S. 26:88(C) states that renewal permits may be withheld or denied on the same grounds and in the same manner as an original permit. Therefore, this matter is specifically governed by La. R.S. 26:80, which deals with the qualifications of applicants for permits. See also La. R.S. 26:86, which provides that the commissioner with respect to state permits and municipal authorities and parish governing authorities with respect to local permits may withhold the issuance of permits in the manner and under the terms and conditions specified in this Chapter.
Point Proven, the City, and the trial court all failed to point out the statutorily provided differences between the renewal of a permit and the revocation and suspension thereof. A review of La. R.S. 26:80 shows that the City had grounds to withhold Point Proven’s liquor permit when it came, up for renewal.
| ^Louisiana Revised Statute 26:80 provides in pertinent part:
(A) Applicants for state and local permits of all kinds shall meet all of the following qualifications and conditions:
(1) Be "a person of good character and reputation and over eighteen years of age.
[[Image here]]
(8) Have not ... been convicted or had a judgment of court rendered against the applicant involving the sale or service of alcoholic beverages *916 by this or any other state or by the United States for two years prior to the application.
(9) Have not been adjudged by the commissioner, or convicted by a court of violating any of the provisions of this Chapter.[4]
The commissioner found plaintiff guilty of two separate violations of selling alcoholic beverages to underage persons. Accordingly, we find that the trial court was not manifestly erroneous in upholding the decision of the City to deny Point Proven’s liquor permit.
Conclusion
The ruling of the trial court is affirmed. Costs of this appeal are assessed against plaintiff, Point Proven, LLC.
AFFIRMED.
MOORE, J, concurs in the result only, finding that the record as a whole provided evidence sufficient to support the City Council’s action and the district court’s judgment.

. A permit is personal and the LLC members individually are required to qualify.

. This discharge was found to be accidental.

. The City cites La. R.S. 26:90, titled “acts prohibited on licensed premises; suspension or revocation of permits,” in its argument that the ruling of the trial court should be affirmed. The City notes that Point Proven admitted to selling alcoholic beverages to underage patrons on two separate occasions in 2015, which is a violation of La. R.S. 26:90. The City argues that these two violations gave them the cause to not renew Point Proven’s liquor permit. However, the title of this provision indicates that it only concerns the suspension or revocation of a liquor permit, not the withholding thereof. Moreover, La. R.S. 26:90(1) states that “violation of this section is punishable as provided in R.S. 26:171 and is also sufficient cause for the revocation of a permit." Thus, the provisions of La. R.S. 26:90 are not applicable in this matter.

. The text of La. R.S. 26:80(A) subsections (8) and (9) as shown above has been taken from the Louisiana Legislature’s official website. There are typographical and/or substantive errors in these subsections in Vol. 16D of West’s La. Rev. Stat. Ann. (2016 ed. and 2017 pocket part) and on Westlaw.