998 So.2d 131 (2008)
Eunice B. BROWN and Felton Lewis
v.
Josephine B. TRASK, Albert Brown, and State Farm Mutual Automobile Insurance Company.
No. 2008-CA-0006.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 2008.
*132 Derek D. Gambino, Benjamin J. Birdsall, Jr., Birdsall Law Firm, Inc., New Orleans, LA, for Plaintiffs/Appellants.
Sheryl M. Howard, Evans & Clesi, P.L.C., New Orleans, LA, for Defendants/Appellees, Josephine B. Trask and *133 State Farm Mutual Automobile Insurance Company.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
This matter arises out of an automobile accident between Defendant, Josephine Trask ("Ms.Trask"), and Plaintiff, Eunice Brown ("Ms.Brown"). Ms. Brown appeals the judgment of the trial court, based on a jury verdict, in favor of Ms. Trask and her insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). For the following reasons, we affirm.

Relevant Facts
On May 21, 2004, Ms. Brown was driving on U.S. 90B (I-10 West), near the Louisiana Superdome, in bumper-to-bumper traffic. According to Ms. Brown, while stopped in traffic, her vehicle was rearended by the automobile being driven by Ms. Trask.
Ms. Trask's version of the accident is quite different. While she agrees that the traffic was bumper to bumper, she maintains that Ms. Brown's vehicle rolled backward into her car while it was stopped on an incline. Photographs introduced at trial by the Defendants showed no damage to the front of Ms. Trask's automobile. There were no photos introduced depicting damage to Ms. Brown's vehicle.
Immediately after the accident, Ms. Brown told Ms. Trask that she was not injured in the accident. She also told the police officer on the scene, Officer Kramer, that she had only a headache and did not need an ambulance. In fact, Ms. Brown felt well enough to go shopping immediately after the accident.
Nevertheless, beginning four days after the accident and continuing for the next two years, Ms. Brown sought treatment for soft tissue injuries of the neck and back with several doctors, including Dr. Gary Stevenson, Dr. L.S. Kewalramani, Dr. Vogel, and Dr. Bradley Bartholomew. With the exception of Dr. Stevenson, who had previously treated Ms. Brown for back injuries resulting from a 2003 accident, Ms. Brown neglected to tell her doctors that she had previously sought treatment for neck and back pain that resulted from an accident just one year earlier. X-rays and MRI scans taken of Ms. Brown's spine after the May 21, 2004 accident showed evidence of degenerative changes and a herniated disc in her lower back. Based on her subjective complaints of pain in the neck, left shoulder, left leg, and lower back, as well as the evidence of degenerative changes indicated in the scans and x-rays, Dr. Vogel recommended and subsequently preformed a discogram on Ms. Brown's back. Despite the fact that Ms. Brown told Dr. Vogel that her neck and back pain had "gone away" after the discogram, she then sought treatment from Dr. Bartholomew, who ordered more testing and subsequently recommended a two-level lumbar fusion. However, as of the date of trial, the surgery had not been performed.
On April 21, 2005, Ms. Brown filed suit against Ms. Trask and her insurer, State Farm, alleging that she suffered severe and debilitating injuries as a result of the accident. At trial, Ms. Brown and Ms. Trask testified as to their versions of the accident. Ms. Brown's treating physicians were called to testify as to her medical damages.
On July 26, 2007, after a four-day jury trial, the jury rendered a verdict in favor of Defendants, Ms. Trask and State Farm. In connection with their verdict, the jury answered three Jury Interrogatories. In the first interrogatory, the jury found "by *134 a preponderance of the evidence, that the defendant, Josephine Trask, was negligent in the accident on May 21, 2004." In the second interrogatory, the jury found "by a preponderance of the evidence that Ms. Brown suffered injuries as a result of the accident on May 21, 2005." However, in the third interrogatory, the jury did not find, "by a preponderance of the evidence that the negligence or fault of Defendant, Josephine Trask, was a cause-in-fact of any injury or damage to the Plaintiff, Eunice Brown." Since its answer to this interrogatory was "no," the jury was instructed not to move on to the subsequent interrogatories, which dealt with the issues of Ms. Brown's negligence and whether she was entitled to damages, but rather to have the foreperson sign and date the verdict form and notify the bailiff that a verdict had been reached.
On August 24, 2007, the trial court entered judgment on the jury's verdict. Ms. Brown then filed a Motion for Judgments Notwithstanding the Verdict, or in the Alternative, a New Trial, which came before the trial court on October 5, 2007, and was denied in total. Ms. Brown now appeals from these judgments.

Specifications of Error
On appeal, Ms. Brown cites five distinct specifications of error. She argues that:
1. the jury erred in not awarding her damages even though it found Ms. Trask negligent in the accident and that Ms. Brown suffered injuries as a result of the accident;
2. the trial court erred in not ordering the jury to return a damage award[1];
3. the trial court erred in not granting a judgment notwithstanding the verdict as to damages;
4. the trial court erred in not awarding her damages; and
5. the trial court erred in not granting her a new trial.
On appeal, Ms. Brown claims that she is entitled to damages for medical specials in the amount of $74,865.24, future medicals in the amount of $124,070.00 and hundreds of thousands of dollars in damages for her alleged pain and suffering.

Discussion
In essence, Ms. Brown's specifications of error all relate to the jury's failure to award damages for the injuries she claims to have suffered as a result of the accident. Ms. Brown argues that because the jury found that Ms. Trask was negligent, and that Ms. Brown suffered damages as a result of the accident, it is illogical that the jury did not award Ms. Brown any damages for the injuries she claims to have sustained. However, Ms. Brown completely misses the point in this regard. A finding of negligence on the part of the defendant and injury on the part of the plaintiff does not necessarily mean that the defendant is liable to the plaintiff for her alleged injuries. See. e.g., Detraz v. Lee, XXXX-XXXX (La.1/17/2007), 950 So.2d 557 (wherein the jury found defendant nail salon was negligent but that its negligence was not the cause-in-fact of the plaintiff's skin infection).
The determination of liability in a negligence case usually requires proof of five separate elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct *135 was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). (Emphasis added.) Fowler v. Roberts, 556 So.2d 1, 4 (La.1989). In the case at hand, the jury did not award damages because it found that the negligence of Ms. Trask was not the cause-in-fact of Ms. Brown's injuries. We must now determine whether the jury's finding of no causation was in error.
An appellate court may not set aside a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State of Louisiana through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989); Whitaker v. Mullinax, 628 So.2d 222 (La. App. 2 Cir.1993), writ denied, 94-0382 (La.03/25/94), 635 So.2d 241. Moreover, "the appellate court must be cautious not to re-weigh the evidence or substitute its own factual findings because it would have decided the case differently." Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217, p. 11 (La.4/3/02), 816 So.2d 270, 279, citing Stobart. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong, even if the reviewing court would have decided the case differently. Id.
The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart, supra. Accordingly, the issue before us is whether the jury's finding of no causation is supported by a reasonable factual basis in the record. Based on the trial testimony and the medical documentation in the record, we find that that the jury's determination that Ms. Trask's negligence was not the cause in fact of Ms. Brown's neck and back injuries was reasonable.
In a suit for personal injuries, the plaintiff has the burden of establishing by a preponderance of the evidence a causal relationship between the accident and his subsequent injuries. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993); American Motorist Insurance Co. v. American Rent-All, Inc., 579 So.2d 429 (La.1991). The test for determining the causal relationship between the accident and subsequent injuries is whether the plaintiff proved, through medical testimony, that it was more probable than not that subsequent injuries were caused by the trauma suffered in the accident. Mart v. Hill, 505 So.2d 1120 (La.1987).
Plaintiff's injury is presumed to have resulted from an accident if, before the accident, he was in good health but, beginning with the accident, the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition. Dabog v. Deris, 625 So.2d 492 (La.1993); Housley v. Cerise, 579 So.2d 973 (La.1991). The defendant then has the burden of producing evidence to persuade the trier of fact that it is more probable than not that plaintiff's injuries did not result from the accident. Morris v. Allstate Insurance Co., 25,148 (La.App. 2 Cir. 02/23/94), 632 So.2d 1209, writ denied, 94-1044 (La.06/17/94), 638 So.2d 1099.
At trial, Ms. Brown testified as to her version of how the accident happened. She testified that Ms. Trask's vehicle hit her vehicle from behind and that the impact was "hard." She also testified that *136 upon impact, she was thrown about the car and that her head was thrown forward and back. Ms. Brown further testified that she continues to suffer from constant, debilitating pain as a result of the accident on May 21, 2004. She also admitted that she had sought treatment for injuries to her neck and back after a previous accident that occurred in April 2003, just a year before this accident, but denied any other back problems prior to the 2003 accident. However, documentary evidence submitted into evidence at trial indicated that Ms. Brown had undergone treatment for low back pain in 1983 and had taken a leave of absence from her job due to that injury.
Ms. Brown's doctors testified as to her subjective complaints of pain after the accident and the medical evidence of degenerative changes in her spine. The doctors also testified that they were unaware that Ms. Brown has sought treatment in the past for neck or back pain, since she did not disclose that she had suffered from back pain in 1983 or neck and back pain after the 2003 accident. The doctors further testified they relied upon Ms. Brown's claims that she had no prior history of back pain or treatment and that she was in terrible pain in diagnosing her condition and determining a proper course of treatment.
Testimony from other trial witnesses may have further impeached Ms. Brown's credibility regarding the accident and her alleged resulting injuries. For example, Dr. Thomas, who performed an independent medical examination on Ms. Brown after the accident, testified that it was possible that Ms. Brown engaged in symptom magnification, because she complained of shooting pain down the back of her legs with only a very slight touch to her back. Moreover, although Ms. Brown's deposition testimony was that her pain was constant, debilitating, and at a level 10 at all times, medical records introduced at trial indicated Ms. Brown had reported to some of her doctors on different occasions that the pain was "not daily," "not severe," but was "minimal" and "mild," while telling other doctors that her back was "painful everyday."
Other testimony and evidence at trial also cast doubt upon Ms. Brown's version of the accident and its connection to her alleged injuries. For example, according to Ms. Trask's testimony, the impact from the accident, if any, was so slight that her baby, who was sleeping in the back seat, did not even rouse from his nap. Moreover, photos of Ms. Trask's automobile after the accident showed no damage to the front of the car. Thus, it is reasonable that the jury could have found it doubtful, based on this testimony and evidence, that such a minor accident could have caused the severe and debilitating injuries of which Ms. Brown complains.
Over the course of the four-day trial the jury heard the testimony and determined that Ms. Brown did not prove that Ms. Trask's negligence caused the injuries Ms. Brown complained of. We can infer from this that the jury either found that Ms. Brown's alleged neck and back problems were a result of some other cause, such as a previous accident, or, as the defendants argue, that the jury found that Ms. Brown suffered an injury as a result of the accident, but that the injury was not compensable, such as a headache. Either way, it is evident that the jury did not find Ms. Brown to be credible or that Ms. Brown proved her case for damages.
When there are different theories presented to the fact finder for their consideration, the fact finder's credibility determination between the two plausible theories shall not be disturbed on appeal. Cheairs v. State ex rel. Department of Transp. *137 and Development, 03-0680 (La.12/3/03), 861 So.2d 536, 546. Credibility determinations, including evaluating expert witness testimony, are for the trier of fact. Sportsman Store of Lake Charles, Inc. v. Sonitrol Security Systems of Calcasieu, Inc., 99-0201, p. 6 (La.10/19/99), 748 So.2d 417, 421. The jury's determination that Ms. Trask acted negligently but did not cause Ms. Brown's injuries is supported by a reasonable factual basis in the record and is entitled to great deference on appeal. Moreover, as there was no finding of causation, the trial court did not err in failing to award monetary damages to Ms Brown.
Likewise, the trial court did not err in denying Ms. Brown's Motion for Judgments Notwithstanding the Verdict ("JNOV"), or in the Alternative, Motion for New Trial. A motion for judgment notwithstanding the verdict may be granted only if the facts and inferences point so strongly and overwhelmingly to in favor of one party that reasonable jurors could not arrive at a contrary verdict. Powell v. RTA, 96-0715 (La.6/18/97), 695 So.2d 1326. Such is not the case here as there was evidence in the record to support the jury's finding of no causation and it was reasonable for the jury to find in favor of the defendants. Moreover, because the jury's verdict was not contrary to law and evidence and did not result in a miscarriage of justice, Ms. Brown's request for a new trial was also properly denied by the trial court. See La.Code Civ. Proc. art. 1973.

Decree
In this case, the jury found that the defendant was negligent, but that the negligence did not cause the plaintiff's injuries. This finding was clearly supported by a reasonable factual basis in the record. As there was no finding of causation, the jury did not err in not awarding damages. Further, the trial court was correct in denying plaintiffs' motion for JNOV or new trial. Therefore, we affirm the trial court's judgments. Costs of this appeal are to be split equally between the parties.
AFFIRMED.
NOTES
[1] We note that the plaintiffs have failed to address their second assignment of error, that the trial court erred in not ordering the jury to return a damage award, in their brief. As a result, this assignment of error is waived.