| | | |
|---|---|---|
| LORI YOUNG & KEVIN KIMBROUGH, | * | NO. 2023-CA-0479 |
| INDIVIDUALLY AND ON | * | |
| BEHALF OF KASH | | COURT OF APPEAL |
| KIMBROUGH AND AYANNA | * | |
| YOUNG | | FOURTH CIRCUIT |
| | * | |
| VERSUS | | STATE OF LOUISIANA |

* * * * * * *

JOHN BOUDREAUX & STATE
FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-02186, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge
Rachael D. Johnson)

Dwayne A. Burrell
THE BURRELL FIRM, LLC
3337 N. Hullen Street, Suite 200
Metairie, LA 70002

Allen C. Burrell, Jr.
THE BURRELL FIRM
201 St. Charles Avenue, Suite 2500
New Orleans, LA 70170

COUNSEL FOR PLAINTIFFS/APPELLANTS

Scott A. Cannon
Shannon M. Livermore
Ryan P. Gregoire
CANNON & LIVERMORE, LLC
122 Village Street
Slidell, LA 70458-5300

COUNSEL FOR DEFENDANTS/APPELLEES

**AFFIRMED**
**FEBRUARY 29, 2024**

RDJ
RLB
PAB

This appeal concerns a jury verdict in an automobile accident case. Appellants Lori Young ("Ms. Young"), Ayanna Young ("Ayanna"), and Kash Kimbrough ("Kash") (collectively referred to as "Appellants")[1] seek review of the jury's verdict wherein the jury determined that Appellants did not sustain injuries in the automobile accident that occurred on September 24, 2019. For the following reasons, we affirm the jury's verdict.

## FACTS AND PROCEDURAL HISTORY

The case at issue arises from a single car automobile accident that occurred on September 24, 2019, in New Orleans, Louisiana. The accident involved Appellants and John Boudreaux ("Mr. Boudreaux"). Appellants' vehicle was being driven by Ms. Young, with Ayanna and Kash as passengers. Mr. Boudreaux was stopped behind Appellants' vehicle at a red light. When Mr. Boudreaux dropped his cell phone, his foot came off the brake pedal and he rolled into Appellants' vehicle. After the accident, Ms. Young called her husband, Kevin Kimbrough ("Mr. Kimbrough"), who later arrived at the scene of the accident. While there, Mr. Kimbrough called attorney Dwayne Burrell, who advised Mr. Kimbrough to

---

[1] Kevin Kimbrough is also an Appellant in this case for a loss of consortium claim. This claim is not pertinent to this case.

get a statement from Mr. Boudreaux saying that he hit Appellants' vehicle. Appellants filed a lawsuit on March 5, 2020, against Mr. Boudreaux and his insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), for injuries they allegedly sustained in the September 24, 2019 accident ("2019 accident"). Appellants asserted that the 2019 accident was the direct cause of their injuries.[2] Mr. Boudreaux and State Farm (collectively referred to as "Appellees") stipulated to liability in a pre-trial agreement but denied that the accident was the cause of Appellants' alleged injuries.

A jury trial was held January 30, 2023 through February 1, 2023. During the trial, seven witnesses testified: Ms. Young; Ayanna; Mr. Kimbrough, fact witness & before/after witness for Appellants; Dr. William Alden ("Dr. Alden"), medical expert witness for Appellants; Dr. John Logan ("Dr. Logan"), medical expert witness for Appellants; Mr. Boudreaux; and Dr. Everett Robert ("Dr. Robert"), medical expert witness for Appellees. The jury returned a verdict in favor of Appellees, finding that Appellants' alleged injuries were not caused by the 2019 accident. Appellants filed a Motion for Judgment Notwithstanding the Verdict or Alternatively for New Trial on February 16, 2023. The motion was denied by the trial court on April 27, 2023. This timely appeal followed.

On appeal, Appellants raise four assignments of error: (1) The jury was manifestly erroneous and wrong in finding that the 2019 accident did not cause Appellants' injuries and resulting treatment; (2) The jury erred in failing to award damages to Appellants, requiring this Court to review the record *de novo* and make

---

[2] Ms. Young's alleged injuries are cervicalgia, muscle spasms, trauma-induced acute pain, a sprain of the cervical spine ligaments, and a shoulder joint sprain. Ayanna's alleged injuries are headaches, neck pain, back pain, and discomfort in her bilateral rib cage. Kash's alleged injury was lower back pain.

an award of special and general damages; (3) The jury was unduly influenced by the arguments made by Appellees on the force of impact; and (4) The jury was unduly influenced by the introduction of evidence concerning Ms. Young's ingestion of an ecstasy pill, which was highly prejudicial and irrelevant to the core issues of the trial.

## STANDARD OF REVIEW

On appeal, courts must review a jury's factual determinations under a manifestly erroneous or "clearly wrong" standard. *Rosell v. ESCO*, 549 So. 2d 840, 844 (La. 1989). To reverse a factfinder's determination, a two-part test for the appellate review of facts must be satisfied: "1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and 2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous)." *Stobart v. State through Dep't of Transp. & Dev.*, 617 So. 2d 880, 882 (La. 1993) (citing *Mart v. Hill*, 505 So. 2d 1120, 1127 (La. 1987)). This two-part test dictates that "[t]he reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous." *Id*. "The appellate court must not reweigh the evidence or substitute its own factual findings because it would have decided the case differently." *Snider v. Louisiana Medical Mut. Ins. Co.*, 14-1964, p. 5 (La. 5/5/15), 169 So. 3d 319, 323 (citing *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01-2217 (La. 4/3/02), 816 So. 2d 270, 279). The issue before the appellate court is to determine whether the factfinder's conclusion was a reasonable one. *Id*. (citing *Clay v. Our Lady of Lourdes Regional Medical Center*, 11–1797 (La. 5/8/12), 93 So. 3d 536, 543).

4

## **DISCUSSION**

## **Medical Causation**

Appellants first argue that the jury was manifestly erroneous and clearly wrong when it found that the 2019 accident did not cause Appellants' injuries and thus failed to award any damages. Appellants "in a personal injury action must prove by a preponderance of the evidence that the claimed injuries resulted from the accident at issue." *Jones v. Peyton Place, Inc.*, 95-0574, p. 13 (La. App. 4 Cir. 5/22/96), 675 So. 2d 754, 763 (citing *Maranto v. Goodyear Tire & Rubber Co.*, 94–2603, p. 3 (La. 2/20/95), 650 So. 2d 757, 759). To aid Appellants in meeting the burden for a presumption of causation, they can (1) show that they were in good health prior to the accident, (2) prove that symptoms of their disabling condition appeared and continuously manifested themselves after the accident, and (3) present medical evidence that shows there is a "reasonable possibility of causal connection between the accident and disabling condition." *Id.* at 764 (citing *Housley v. Cerise*, 579 So. 2d 973, 980 (La. 1991)).

"Credibility determinations, including evaluating and resolving conflicting testimony, are factual findings governed by the well-settled manifest error standard of review." *Dixon v. Travelers Ins. Co.*, 02-1364, p. 8 (La. App. 4 Cir. 4/2/03), 842 So. 2d 478, 484. "As the trier of fact, a trial court determines the credibility of the witnesses and has the prerogative of accepting or rejecting some or all of the witnesses' testimony, including expert witness testimony." *Gaspard v. Horace Mann Ins. Co.*, 17-1140, p. 11 (La. App. 3 Cir. 5/9/18), 247 So. 3d 778, 787 (citations omitted).

5

> Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination.

*Rosell*, 549 So. 2d at 844-45. (citations omitted)

Thus, "[t]he trial court's findings of fact, credibility evaluations, and inferences of fact should not be disturbed on appeal if they are reasonable." *Gaspard*, 17-1140, p. 10, 247 So. 3d at 787 (citing *Sistler v. Liberty Mut. Ins. Co.*, 558 So. 2d 1106 (La. 1990)).

Appellants assert that their medical witnesses established that the 2019 accident was a probable cause of their injuries, and Appellees failed to refute it. Therefore, Appellants assert that it was unreasonable for the jury to conclude that the aforementioned accident did not cause their injuries. Appellants relied on medical expert witnesses Dr. Alden and Dr. Logan, Appellants' treating physicians, to show that Appellants sustained injuries from the accident. Dr. Alden and Dr. Logan testified, with a reasonable degree of medical certainty, that it was more probable than not that the 2019 accident caused Appellants' injuries. Appellants further assert that Appellees did not present contrary evidence to refute Appellants' claims or suggest that their injuries arose from another event. Instead, Appellees argue that neither Appellants, nor their medical experts, are reliable.

Appellants rely on *Guidry v. Lafayette Health Ventures, Inc.*, in which the jury rejected the plaintiff's claim for damages because of a lack of credibility. 15-307, p. 10 (La. App. 3 Cir. 7/20/16), 203 So. 3d 436, 442. In *Guidry*, the plaintiff was not seen as credible because she did not disclose her pre-existing

condition, that stemmed from an accident she had twenty years prior, in the history she provided to her doctor. *Id*. Despite not disclosing the pre-existing condition in her medical history, the doctor still arrived at the same medical conclusion when he was made aware of the pre-existing condition. *Id*. On appeal, the court found that the jury was manifestly erroneous and clearly wrong because there was sufficient medical evidence to support that the plaintiff's pre-existing conditions were aggravated as a result of the accident. *Id*. Appellants assert that their case is similar to *Guidry* and that the medical evidence should outweigh Appellees' credibility argument. After reviewing the record, we find that the credibility determination made by the jury outweighs the medical evidence presented by Appellants. In this case, we find no error in the jury's finding that Appellants' injuries were not caused by the 2019 accident and as a result Appellants were not entitled to an award for damages.

During trial, Appellants frequently presented conflicting testimony and evidence. This established doubt as to whether there was a causal connection between the accident and Appellants' disabling condition. In *Brown v. Trask*, the jury made a similar conclusion when it found that despite the defendant being negligent, his negligence did not cause the plaintiff's injuries. 08-0006, p. 9 (La. App. 4 Cir. 10/15/08), 998 So. 2d 131, 137. In *Brown*, the plaintiff's testimony was inconsistent with other testimony and evidence given. *Id*. at p. 7, 998 So. 2d at 135-36. For example, the plaintiff testified that the impact from her vehicle being hit from behind was "hard" and that she only sought treatment for pain for one previous accident in 2003. *Id*. However, documentary evidence showed that the plaintiff had undergone treatment for lower back pain in 1983 and photos from the

7

accident showed no damage to the front of defendant's car, which implies that the impact could not have been "hard." *Id*. at pp. 7-8, 998 So. 2d at 135-36. During plaintiff's deposition, she claimed "that her pain was constant, debilitating, and at a [pain] level [of] 10[3] at all times." *Id*. at pp. 7-8, 998 So. 2d at 136. However, documentary evidence showed that the plaintiff reported on different occasions that her pain was "not severe," "not daily," and "minimal" to her other doctors. *Id*. The *Brown* Court found that the plaintiff's statements were frequently inconsistent with other forms of evidence and testimony and as such, it is reasonable that the jury found that the plaintiff was not credible and that the accident at issue did not cause plaintiff's alleged injuries. *Id*. at p. 8, 998 So. 2d at 136.

In the *sub judice*, Appellants demonstrated similar inconsistencies as the plaintiff in *Brown*. The testimony and evidence at trial revealed that Ms. Young: (1) did not disclose her marital status to her treating physicians, despite claiming that she only gave her physicians accurate information; (2) did not disclose to Dr. Alden that she had a fall which resulted in a fractured coccyx and pain in her lower back five years prior to the 2019 accident; (3) did not disclose her history of high blood pressure to Dr. Alden; (4) did not disclose that she had gall bladder surgery prior to the accident to Dr. Alden; (5) gave inconsistent reports with response to treatment regarding her neck pain; and (6) gave inconsistent reports as to when back pain began after the 2019 accident. As to Ms. Young's neck pain, on January 27, 2021, she told Dr. Eric Lonseth that she had no pain in her neck following a Radiofrequency ablation ("RFA") procedure done on December 16, 2020. However, she gave conflicting information to a doctor at St. Thomas Health Care

---

[3] A pain level of ten is the highest pain rating.

Clinic on January 28, 2021, when she said that she had no resolution to her neck pain. As to Ms. Young's back pain, Dr. Robert testified that Ms. Young told him that she felt immediate back pain upon impact after the 2019 accident. However, Dr. Alden testified that Ms. Young first reported back pain to him on December 6, 2019, approximately three months after the 2019 accident. Ms. Young's first visit with Dr. Alden was September 27, 2019.

Ayanna provided inconsistent testimony when she admitted, during cross-examination, that she was in a prior motor vehicle accident where she sustained a back injury despite denying any prior back injury during direct examination. Ayanna also withheld medical history from Dr. Robert. Ayanna did not report that she was involved in an automobile accident in 2021 and that she fell while riding on a bus and injured her lower back and chest in 2014. Lastly, Kash did not provide testimony but was instead represented by his parents, Ms. Young and Mr. Kimbrough. They provided inconsistent testimony regarding Kash as well. During Ms. Young's testimony, she testified that Dr. Alden's office would not treat Kash because he was too young. However, Dr. Alden testified that he did not decline to treat Kash. He testified that his office typically treats children around his age. Ms. Young also testified that Kash reported to have a pain level of ten on a scale of one to ten. After visiting Dr. Alden, Kash did not seek any additional medical treatment for his injuries despite his pain level allegedly being a level ten. Mr. Kimbrough also testified that Kash continued to play football and run track a week after the accident.

The inconsistent testimony provided by Appellants, along with photographic and documentary evidence presented by Appellees, caused the jury to doubt

9

Appellants' credibility and determine that their testimony was unreliable. The cumulation of the conflicting testimony and evidence caused the jury to find that the medical evidence did not show a reasonable connection between the accident and the alleged disabling conditions. Based on the record, the jury had a reasonable factual basis to determine that Mr. Boudreaux's negligence during the 2019 accident did not cause Appellants' alleged injuries. We find that the jury was not manifestly erroneous in their finding that Appellants' injuries were not caused by the 2019 accident. As such, we pretermit the second assignment of error praying for a *de novo* review of damages.

### Undue Influence from Force of Impact Evidence

Appellants argue that the trial court erred when it allowed Appellees to introduce and present evidence regarding the force of impact. Appellants argue that presenting force of impact evidence unduly influenced the jury due to the minimal vehicle damage shown in the photos. Although the court instructed the jury to disregard the specific dollar amount of property damage because this was not at issue at trial, Appellees were still able to imply that the minor impact from the 2019 accident could not cause serious injury. After reviewing the record, we find that this assignment of error lacks merit.

During Appellants' opening statement, they introduced the topic of property damage by suggesting that Appellees did not pay the property damage from the 2019 accident. Appellants stated, "You're going to hear her car was damaged. You're going to see photos. Hadn't been paid for, nobody paid for it." Appellants also mentioned the cost of property damage when questioning Mr. Boudreaux, despite the court's previous order not to mention information regarding property

10

damage. Once Appellants mentioned the property damage, despite the court instructing the parties not to, Appellees had the right to respond. Furthermore, the photographs at issue were introduced as joint exhibits by the parties and entered into evidence. Thus, the jury was allowed to see the photographs of the property damage of both vehicles.

In *Jones v. Bravata*, the court determined that there was evidence in the record upon which the jury could base their conclusion that the accident at issue was a minimal impact accident. 18-0837, pp. 4-5 (La. App. 1 Cir. 5/9/19), 280 So. 3d 226, 232. The force of impact evidence was deemed relevant to the jury's credibility determinations regarding the extent of plaintiff's injuries. *Id*. at p. 5, 280 So. 3d at 232. "[I]t is proper for a trier of fact to consider the minimal nature of a motor vehicle accident to determine whether injuries have been suffered." *Boudreaux v. Mid-Continent Cas.*, 09-1379 (La. App. 1 Cir. 5/7/10), ___ So. 3d ___, ___, 2010 WL 1838560, at *5. A similar conclusion was made in this case. Appellants' credibility determination was a significant factor in determining whether their injuries arose from the 2019 accident. It was also proper for the jury to consider the joint exhibits introduced by the parties when determining Appellants' credibility. As stated earlier in *Jones*, using the force of impact evidence to determine Appellants' extent of injury is permissible. 18-0837, p. 5, 280 So. 3d at 232. Thus, we find that the introduction of force of impact evidence was proper and did not unduly influence the jury.

**Undue Influence from Ecstasy Consumption Evidence**

Lastly, Appellants argue that the trial court erred by allowing Appellees to introduce and present evidence of Ms. Young's ecstasy consumption. Appellants

11

argue that introducing this evidence was prejudicial and irrelevant. After reviewing the record, we find that this issue lacks merit.

Ms. Young's ecstasy consumption was introduced to show her lack of credibility. When speaking with Dr. Logan, Ms. Young provided an inaccurate medical history—she reported that she went to Tulane's Emergency Room due to high blood pressure caused by severe neck pain. In fact, Tulane's records showed that the cause of Ms. Young's high blood pressure was because she ingested an ecstasy pill. This evidence was presented to show that Ms. Young gave an inaccurate medical history to Dr. Logan and to demonstrate that her testimony was unreliable. We find that the introduction of this evidence was proper and did not unduly influence the jury.

## DECREE

For the foregoing reasons, we find no manifest error and we affirm the jury's verdict.

**AFFIRMED**