
		OSCN Found Document:Question Submitted by: The Honorable Brian Guthrie, Oklahoma State Senate, District 25

					

				
  



				
					
					
						
						Previous Case

						
						Top Of Index

						
						This Point in Index

						
						Citationize

						
						Next Case

						
						Print Only
					
					
				

				
				Question Submitted by: The Honorable Brian Guthrie, Oklahoma State Senate, District 252025 OK AG 4Decided: 04/23/2025OKLAHOMA ATTORNEY GENERAL OPINIONS
Cite as: 2025 OK AG 4, __  __

				


¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:Under what circumstances, if any, may a county commissioner's chief deputy discuss county business with another county commissioner or chief deputy outside the context of a public meeting that complies with the Oklahoma Open Meeting Act, 25 O.S.2021, §§ 301

I.Summary

¶1 Due to the hybrid nature of the position of county commissioner's chief deputy, the applicability of the OMA to discussions between the chief deputy and another commissioner (or another commissioner's chief deputy) will depend on the capacity in which the chief deputy is acting during the interaction. If the chief deputy were exercising the authority of the commissioner pursuant to title 19, section § 180.65(B) of the Oklahoma Statutes, any discussion between the chief deputy and another county commissioner (or another chief deputy exercising similar authority) regarding county business may occur only in the context of an open meeting that complies with the OMA. 1 Conversely, if the chief deputy were acting solely in his or her capacity as a commissioner's staff member, the OMA does not apply to such discussions.

¶2 The question of whether, in a particular factual scenario, a chief deputy is exercising the authority of a commissioner or, alternatively, acting solely as a staff member cannot be answered in the context of an Attorney General Opinion. However, if the conduct in question was undertaken with an intent to avoid compliance with the OMA, a court may find that conduct violates the Act.

II.Background

¶3 In Oklahoma, a county's powers are exercised through its board of county commissioners, and each commissioner is an elected public official. 19 O.S.2021, §§ 3Id. § 321(A). By statute, the Board must meet at least monthly for the transaction of county business. Id. § 326(A).

¶4 As with other county officers, Oklahoma law authorizes commissioners to hire staff to assist in carrying out the functions of the office. See 19 O.S.2021, §§ 162Id. § 180.65(B). By statute, this chief deputy also "shall carry on the duties of the office" during the commissioner's absence or, in the event of the commissioner's death, removal from office or resignation, until a successor is appointed or elected. Id. This office has described this exercise of a commissioner's authority by his or her chief deputy in the following terms:

[U]nder the statutory scheme, a Chief Deputy County Commissioner who has been properly designated in the Office of the County Clerk being empowered to perform all the duties of a County Commissioner -- when acting under the County Commissioner's direction, or when the County Commissioner is absent, may, just as the County Commissioner could, attend meetings of the Board of County Commissioners, and vote on matters presented at the meetings, just as the County Commissioner could.

1996 OK AG 15

¶5 Considering this dual role of a commissioner's chief deputy--where he or she may be acting alternately as staff member or as Commissioner--you have asked about the implications for applicability of the OMA. While the Act squarely applies to meetings of a board of county commissioners, it does not, by its terms, apply to discussions held with commissioners' staff.

III.Discussion

¶6 When it enacted the OMA, the Legislature declared "[i]t is the public policy of the State of Oklahoma to encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems." 25 O.S.2021, § 302See id. §§ 303, 305, 312.

¶7 To determine the circumstances in which the OMA applies, this office has explained as follows:

In general, the Act's requirements apply only to "meetings" held by a "public body," as those terms are defined in the Act. "Public body" is defined, in relevant part, as:

the governing bodies of all municipalities located within this state, boards of county commissioners of the counties in this state, boards of public and higher education in this state and all boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts ... , task forces or study groups in this state supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property, and shall include all committees or subcommittees of any public body.

A "meeting" means "the conduct of business of a public body by a majority of its members being personally together or . . . [by] videoconference" as permitted by the Act. Based on these definitions, a "meeting" occurs when (i) a majority of members of a public body is (ii) together in person or by videoconference, (iii) conducting the public body's business. 25 O.S.2021, § 304Id.

2020 OK AG 4

¶8 As noted above, the OMA explicitly includes a board of county commissioners in its definition of "public body." 25 O.S.2021, § 304 Whether a particular matter, and the manner in which it is addressed, qualifies as county "business" will turn on questions of fact. But in making that determination, the term must be given a "liberal interpretation" and "assumed to include the entire decision-making process including deliberation, decision or formal action." 1982 OK AG 2121981 OK AG 691979 OK AG 331Times Publ'g Co. v. Williams, 222 So.2d 470 (Fla. 1969)). See also Hirschfeld v. Okla. Turnpike Auth., 2023 OK 59

¶9 Turning now to your question, due to the hybrid nature of the chief deputy position, the applicability of the OMA to discussions between the chief deputy and another commissioner (or that commissioner's chief deputy) will depend on the capacity in which the chief deputy is acting during the interaction.

A. Where a county commissioner's chief deputy is acting under delegated authority from, or in the absence of, the commissioner, the OMA will apply to discussions of county business.

¶10 As noted above, title 19, section 180.65(B) of the Oklahoma Statutes requires county commissioners to designate a chief deputy who (1) "shall be chargeable with all the duties of such [county commissioner], while subject to the direction of the same," and (2) "shall carry on the duties of the office during the absence of the [county commissioner] or, in the event of the death, removal or resignation of said [county commissioner], until a successor shall have qualified." 19 O.S.2021 § 180.65

1. When performing such duties under the direction of the County Commissioner, or

2. During the absence of the County Commissioner from the county or in the event of the County Commissioner's death, removal or resignation."

1996 OK AG 152

¶11 Thus, there will be situations where a chief deputy steps into the shoes of the county commissioner--either at the county commissioner's direction or due to the commissioner's absence from office--to conduct county business on the commissioner's behalf. In such cases, the OMA will apply to the chief deputy's activities just as it would the commissioner's. Cf. State ex rel. Newspapers, Inc. v. Showers, 398 N.W.2d 154, 164-65 (Wisc. 1987) ("Common sense also tells us . . . that if proxies are present so as to realistically make up a majority, the Open Meeting Law applies.").

B. Where a chief deputy of a county commissioner is acting purely as a staff member and not performing the duties of the commissioner, the OMA does not apply.

¶12 Conversely, because a county commissioner's chief deputy is not a member of the "public body" absent the statutory circumstances outlined above, his or her activities when acting purely as the commissioner's staff do not implicate the OMA. Cf. Armstrong v. Ottawa County Board of Commissioners, --- N.W.3d ----, 2024 WL 292957, *3 (Mich. Ct. App. January 26, 2024) (holding that a meeting of newly-elected--but not yet sworn-in--county commissioners was not subject to open meeting laws because they were not yet a public body members). So, for instance, when it is clear that a chief deputy is not exercising the duties of a commissioner, conversations between the chief deputy and another commissioner--even conversations that touch on county business--would not constitute a meeting that must comply with the OMA. See, e.g., Hays County v. Hays County Water Planning Partnership, 106 S.W.3d 349, 356-57 (Tx. Ct. App. 2003) (holding that a meeting between a county commissioner and commission staff was not a public meeting where quorum was not otherwise present).

C.	If it is unclear whether a chief deputy is acting purely as a staff member or, alternatively, exercising the authority of the commissioner, intent will likely determine whether the OMA has been violated. 

¶13 While the two scenarios described above have clear answers to the question of whether the OMA applies, there are likely many examples of day-to-day activities of a chief deputy that do not fit neatly into either bucket. How an Oklahoma court would evaluate the conduct of the parties involved would depend on facts specific to each situation. Nevertheless, this office has summarized Oklahoma law when there may be doubt as to whether the OMA applies:

This office has long cautioned public bodies and their members not to use the Act's exceptions "as a subterfuge or as an excuse to violate the Act." 1982 OK AG 114see also 1982 OK AG 212 ("[T]he Act should be interpreted in such a way as to avoid establishing potential evasion loopholes." (citing Town of Palm Beach v. Gradison, 295 So.2d 437 (Fla. 1974)). Oklahoma courts have made similar statements. See Lafalier v. The Lead-Impacted Communities Tr., 2010 OK 48237 P.3d 181Matter of Order Declaring Annexation, 1981 OK CIV APP 57Town of Palm Beach, 296 So.2d at 477)).

2020 OK AG 4

¶14 This guidance applies equally here. If a commissioner's or chief deputy's actions were taken to evade compliance with the OMA, an Oklahoma court may find that conduct to violate the OMA. In fact, the Iowa Supreme Court considered a similar circumstance when county board members used the county administrator as their agent to facilitate "discussion and evaluative processes" to arrive at a decision on a matter of public policy outside of a public meeting. Hutchison v. Shull, 878 N.W.2d 221 (Iowa 2016). In remanding the case back to the district court, the court held:
 
[T]he open meetings law does not prohibit discussions between members of a governmental body and its staff to exchange ideas and gather information in order for the body to act upon an issue during an open meeting. However, the open meetings law does prohibit the majority of a governmental body gathering in person through the use of agents or proxies to deliberate any matter within the scope of its policy-making duties outside the public view. 

Id. at 237 (emphasis added). If a chief deputy was used to have conversations that the commissioners themselves cannot have outside of a properly noticed public meeting, there is a risk that an Oklahoma court would deem the conduct intentionally evasive and, therefore, a violation of the OMA. 1982 OK AG 2122020 OK AG 425 O.S.2021, §§ 313

¶15 It is, therefore, the official Opinion of the Attorney General that:
1. If a county commissioner's chief deputy is exercising the authority of the commissioner pursuant to title 19, section 180.65(B) of the Oklahoma Statutes, any discussion between the chief deputy and another county commissioner regarding county business may occur only in the context of an open meeting that complies with the OMA. Conversely, if the chief deputy is acting solely in his or her capacity as a commissioner's staff member, the chief deputy may discuss county business with another commissioner outside the context of an open meeting.

2. The question of whether, in a particular factual scenario, a chief deputy is exercising the authority of a commissioner or, alternatively, acting solely as a commissioner's staff member, cannot be answered in the context of an Attorney General Opinion. However, if the conduct in question is undertaken with an intent to avoid compliance with the OMA, a court may find that conduct violates the Act. 2020 OK AG 4




Gentner DrummondAttorney General of Oklahoma



Cheryl DixonDeputy General Counsel




FOOTNOTES



1 	 Since there are only three commissioners, any instance in which two are together conducting county business is a meeting that must satisfy OMA requirements.

2 	 The Legislature repealed title 19, section 180.81 of the Oklahoma Statutes in 2021, but it is now found at title 19, section 180.65.











	
		
			
				
					
			
				
				
								
					The Oklahoma Supreme Court
					2100 N. Lincoln Blvd., Suite 1
					Oklahoma City, OK 73105
					
										
				
				
			
		
	
	